*364 ORDER OF DISMISSAL
SUZANNE O JIBWAY TOWNSEND, Chief Judge.
Defendant Grand Ronde Tribal Housing Authority (“GRTHA”) appeared specially in this matter to seek dismissal of the Petition in its entirety. Defendant argues that the Tribe has not waived its sovereign immunity with respect to this suit, and this Court is therefore without subject matter jurisdiction to hear the matter. Plaintiff responds that as a matter of fairness, he should have a forum to raise his complaint and seek damages against GRTHA.
Consistent with well-established precedent in dealing with Motions to Dismiss based on subject matter jurisdiction, this Court construes the Complaint liberally and will presume, for the purposes of this Motion only, that all the allegations of the complaint are true. All inferences will be drawn in favor of the plaintiff. See, e.g.. McLachlan v. Bell, 261 F.3d 908, 909 (9th Cir.2001). Plaintiff nevertheless bears the burden of establishing jurisdiction. See, e.g., Tosco Corp. v. Communities for a Better Environment, 236 F.3d 495, 499 (9th Cir.2001).
Plaintiff filed his Complaint under the Tribe’s Small Claims Court Ordinance. Plaintiff seeks recovery of $5,000 for damages alleged to have occurred when Plaintiffs home was burglarized. Plaintiff alleges that negligence on the part of GRTHA caused his loss because GRTHA failed to timely repair the broken door to his home, which he rents from GRTHA.
The Tribe’s Small Claims Court Ordinance provides a simplified and expedited process in Tribal Court where a Plaintiff may seek to recover money, an object, work or other in-kind payment of goods and services, if the amount of money or the value of the goods or services does not exceed $5000.00. Small Claims Court Ordinance, Seetion(e)(2). Plaintiffs claim is within the monetary jurisdictional limits of the Small Claims Court Ordinance, and on its face, also otherwise meets the requirements of the Ordinance. Id. at Section (c).
Grand Ronde Tribal Housing Authority is a Tribal entity established “for the purpose of developing and implementing Tribal housing programs.” Tribal Housing Ordinance, Tribal Code Section 480(a). An action brought against GRTHA is therefore an action against the Tribe. When the Tribe is a defendant in any suit before the Court, this Court has subject matter jurisdiction to decide the claim only if the Tribe has authorized such jurisdiction by waiving its sovereign immunity for the type of suit being brought. Confederated Tribes of Grand Ronde v. Strategic Wealth Management, Inc., et al., Case No.: C-04-08-003, Order Vacating *365 Arbitration Award of Attorney Fees and Costs (August 5, 2005) at p. 19.
Plaintiff does not argue that the Tribe has waived its sovereign immunity from suit in the context of a Small Claims complaint. The Small Claims Ordinance itself specifically provides that the sovereign immunity of the Tribe is not waived for suits under the Ordinance, “except as to counterclaims against the Tribe when the Tribe is a plaintiff in a case brought under the Ordinance.” Tribal Code Section 255.4(g). In other words, unless the Tribe itself brings a claim under the Small Claims Ordinance, there is no waiver of the Tribe’s immunity from suit for purposes of the Small Claims Ordinance.
The Tribal Tort Claims Ordinance does contain a limited waiver of the Tribe’s sovereign immunity for actions brought against the Tribe for injuries such as those alleged by Plaintiff. Tribal Code, Section 255.6. The Tribal Tort Claims Ordinance sets out specific procedures related to the giving of notice of claims against the Tribe and the filing of the action, and sets out specific timelines within which the action must be prosecuted. These procedures differ markedly from the expedited and simplified process for bringing a claim under the Small Claims Court Ordinance. The Tribal Tort Claims Ordinance does not provide for the filing of a tort claim against the Tribe in Small Claims Court, no matter the size of the claim. Thus, although Plaintiff may bring an action against the Tribe for recovery of the type of damages he is seeking, the action must be brought in accordance with the provisions of the Tribal Tort Claims Ordinance, and may not be brought under the Small Claims Ordinance.
For the reasons described above, the claims brought against GRTHA by Plaintiff under the Small Claims Court Ordinance must be dismissed for lack of subject matter jurisdiction.
NOW THEREFORE, IT IS ORDERED:
1. Defendant’s Motion to Dismiss the Complaint in its entirety with prejudice, based on lack of subject matter jurisdiction in Small Claims Court, is GRANTED.
2. Defendant’s Small Claims Court Complaint is hereby DISMISSED in its entirety.
3. Nothing in this Order shall prevent Plaintiff from filing a complaint under the provisions of the Tribal Tort Claims Ordinance, and nothing shall prevent the parties herein from engaging in mediation or other voluntary settlement processes.